THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOHN B. WHITNEY, Appellant.— Memorandum: On January 9, 1951, upon his plea of guilty to the crime of carnal abuse of a child, defendant was sentenced to an indeterminate term of one day to life. It was found that the sentencing procedures were technically incorrect, and that sentence was vacated and the defendant was resentenced on January 23, 1951, on another plea of guilty, to a similar indeterminate term. He is now incarcerated under that sentence. At a hearing on his application to set aside the sentence he raised, among others, the contention that he has not been, and is not presently, receiving proper and adequate psychiatric care. The District Attorney has written: "I might add that it appears the defendant is not receiving the care and treatment contemplated under the provisions of the Penal Law in that he has not received a great deal of psychiatric treatment. I therefore do not oppose 'Point II' as outlined in the appellant's brief." The hearing Judge found that, while the defendant was confined in State's prison, he had interviews with a psychiatrist, lasting 5 or 10 minutes, once every 3 or 4 months. This finding is adequately supported by the record of the hearing. The court, however, made no conclusion as to whether or not the psychiatric program and treatment were proper and sufficient under the law pertaining to such a sentence and its background and philosophy, and concluded that the court had no jurisdiction to hear and determine the claim of insufficient psychiatric examination and treatment. We disagree with this conclusion. (People ex rel. Chumley v. Mancusi, 26 A D 2d 905.) We have previously adequately expressed our views on the psychiatric treatment and programs required by the State under such a sentence (People ex rel. Kaganovich v. Wilkins, 23 A D 2d 178; People ex rel. Piatt v. La Vallee, 26 A D 2d 904), and what we have said need not be repeated here. The court dismissed the proceeding and remanded the defendant to Auburn State Prison. The matter is remitted to the County Court of Lewis County for, as we said in Chumley, "a full and complete hearing in depth at which appellant, if he so requests, should be represented by assigned counsel." The applicable procedures that we directed in Chumley should be taken. There should also be a current

psychiatric examination, with recommendations, and the power of subpœna should be made available to defendant or his counsel so that appropriate employees of the prison may be examined as to the nature and extent of psychological or psychiatric treatment that is available in the prison and has been given to relator and those similarly situated. The hearing should be sufficiently thorough so that the hearing Judge may make his determination as to whether the sentence should or should not be vacated and, if so, whether defendant should be resentenced under one of the alternatives set forth in section 483-b of the Penal Law. There should also be an exploration as to whether there should be a transfer of the defendant to a State institution where proper and adequate treatment may be administered. We are aware that there may be certain procedural problems involved but, inasmuch as this application goes to the very essence of the sentence and its validity and effect, we are not interjecting that problem in this particular case. (Appeal from order of Lewis County Court denying, following a hearing, motion to vacate judgment of conviction for carnal abuse, rendered January 23, 1951.) Present — Williams, P. J., Bastow, Henry, Del Vecchio and Marsh, JJ.